The Trustees of Schools of Town. 2—10, Plaintiffs in Error, *v.* John Welchley, Defendant in Error; and

The Trustees of Schools in Town. 3—9, Plaintiffs in Error, *v.* Patrick O'Neil, Defendant in Error.

ERROR TO MONROE.

Original papers, even by consent, cannot be presented in the Supreme Court, as a part of a bill of exceptions; unless something is to be determined by an inspection of them, or unless the papers cannot be exhibited by copy so as to present the point of law raised in the case; and if then presented, the originals must be clearly identified by the bill.

Where the documents are lengthy, or relate in part to other matters, only the material parts need be presented in the record.

THESE actions were originally commenced before justices of the peace, to recover compensation for services performed as school teachers. The cases were taken by appeal to the Circuit Court of Monroe county, and were there tried before BREESE,

Justice, who gave judgment against the school trustees.  The trustees appealed to this court.  On the trial of the cases, certain schedules and certificates were offered in proof, which, the bills of exceptions state, "were by consent to be made a part of the record."  These papers are not copied into the bills of exceptions.  The originals of these were produced at the hearing of the cause in the Supreme Court.

G. KOERNER, for Plaintiffs in Error.

W. H. & J. B. UNDERWOOD, for Defendants in Error.

SKINNER, J.   On the trial of these causes in the Circuit Court, questions of law were made as to the admissibility and the effect of the schedules kept by the teachers, and their certificates of qualification, the decisions of the court upon which are assigned for error.   The bills of exceptions state that these papers are "by consent made a part of the record," and the originals are presented in this court to be treated as such, but are not copied in the bills of exceptions.   We cannot tolerate such a practice.  There is nothing in the cases or the papers requiring an examination by inspection, in this court, and no reason appears why they could not be copied, or why copies would not answer all the ends of the originals.   Original papers of the files of the court below should remain of such files, for the benefit and security of all parties in interest, and can only be brought to this court where necessity requires it; as where something is to be determined by inspection of the original, or where the papers cannot be exhibited by copy so as to present the point of law intended to be raised, and then they should be clearly identified by the bill of exceptions.

These papers are not of such character.   Where written documents are lengthy, or relate in part to other things not in question, the material points only need be copied in the record—sufficient to present the points upon which the questions of law arise.   Where, also, the document cannot be fairly exhibited by copy, without the aid of an expert, in drafting or the like, the original may be used, being identified by the bill of exceptions.   Treating, as we do, the originals as no part of the record, no cause appears for reversing either of these judgments.

The judgments are affirmed.

*Judgments affirmed.*