## Patrick J. Carey, and John H. Rollins, Trustee, v. Jacob Scherer, Jr., Elizabeth Scherer, and William Drieske.

55b 421
57 591

55 421
Case 2
200s ¹482

1. Appellate Court Practice—*Bringing up Original Papers.*—The court will not tolerate the practice of bringing original papers of the files of the court below into a court of review. Under the statute the parties litigant may, by agreement, have the original bill of exceptions

or certificate of evidence, instead of a copy, incorporated in the transcript; but that is as far as the practice goes.

2. MASTER'S REPORT—*No Part of the Record.*—The original master's report does not become a part of the record because the parties have stipulated that it may be incorporated in the record instead of a copy thereof.

**Memorandum.**—In chancery. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

FRANCIS T. MURPHY, attorney for appellants.

HERMAN B. WICKERSHAM, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is here presented on a record containing, not an original certificate by the judge of the evidence below, nor a transcript of the whole record below, but a transcript of part, and the original report of the master.

There is a stipulation by the attorneys " that the original master's report and testimony last filed herein, dated May —, 1894, may be incorporated in the record instead of a copy thereof."

In Trustees v. Welchley, 19 Ill. 64, the Supreme Court say, " We can not tolerate such a practice " as that of bringing the original papers of the files of the court below into a court of review.

The statute has, since that decision, changed the practice only to the extent that parties "may, by agreement, have the original bill of exceptions or certificate of evidence, instead of a copy, incorporated in" the transcript.

Treating, as we do, the master's report as no part of the record, no cause appears for reversing the decree. (Paraphrased from Trustees v. Welchley, 19 Ill. 64.)   The decree is affirmed.