JOHN B. MALLERS

*v.*

THE WHITTIER MACHINE COMPANY.

*Opinion filed December 22, 1897.*

1. APPEALS AND ERRORS—*evidence in suit at law can be preserved only by bill of exceptions.* In a case at law the evidence introduced can be preserved for the inspection of a court of review only by bill of exceptions signed and sealed by the judge.

2. BILLS OF EXCEPTION—*determination of what shall go in bill of exceptions is a judicial act.* The determination of what shall be incorporated in a bill of exceptions is a judicial act calling for the exercise of judicial power, and it cannot be delegated by the judge nor be performed by the parties by stipulation.

3. SAME—*stipulation of counsel does not preserve evidence for review.* A certified copy, in the transcript of record, of a stipulation of counsel which purports to set forth the evidence introduced at the trial, and which was filed more than two months after the signing and filing of the bill of exceptions which did not contain nor purport to contain all the evidence, does not preserve for review, on appeal, the evidence therein set forth.

4. SAME—*action of trial court is presumed to be sustained by evidence.* In the absence of a bill of exceptions signed and sealed by the judge, showing the evidence introduced at the trial, it will be presumed, on appeal, that the action of the trial court was justified by the state of the proof.

*Mallers* v. *Whittier Machine Co.* 70 Ill. App. 17, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

CHARLES B. STAFFORD, for appellant.

HAWLEY & PROUTY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The action below was assumpsit by the appellee company, against the appellant, to recover upon two promissory notes. To the declaration the appellant filed a

single plea, viz., a plea in abatement that a former suit was pending in the Circuit Court of the United States for the Northern District of Illinois between the same parties and upon the same cause of action. The plea was traversed and issue joined. The cause was submitted to a jury, and under peremptory instructions from the court a verdict was returned for the appellee company. Judgment being rendered thereon, appellant appealed to the Appellate Court, where the judgment of the Superior Court was affirmed. This is an appeal from the judgment of the Appellate Court.

The only question of law sought to be presented by the record is whether the court erred in directing the jury to return a verdict for the appellee. It was clearly competent and proper to so direct the jury in the absence of evidence tending to support the ground of defense; consequently, to determine as to the propriety of the action of the court in giving the instruction, it is essential we should consider the testimony produced before the jury, and ascertain whether it tended to support the case for the appellant. But the bill of exceptions does not contain, or purport to contain, any of the evidence produced before the jury. We find in the transcript of the clerk a certified copy of a stipulation signed by counsel for the parties, and filed with the clerk some two months after the bill of exceptions was signed and filed, which purports to set forth the evidence introduced at the trial, and it is urged this stipulation brings before us for review the evidence purported to be therein set forth. In this we conceive counsel for appellant is in error. The determination of what shall be incorporated in a bill of exceptions is a judicial act, to be determined by the exercise of judicial power, (*Emerson* v. *Clark*, 2 Scam. 489, *Culliner* v. *Nash*, 76 id. 515, *People* v. *Anthony*, 129 id. 218,) and it cannot be delegated by the judge to the clerk (*Emerson* v. *Clark*, *supra*,) or to the reporter, (*Culliner* v. *Nash*, *supra*,) or certified to by the clerk (*Mar-*

*tin* v. *Foulke*, 114 Ill. 206, *Wright* v. *Griffey*, 146 id. 394, *Tarble* v. *People*, 111 id. 120,) or stipulated by the parties. (*Harding* v. *Brophy*, 133 Ill. 39.) In a case at law the evidence introduced can only be preserved for the inspection of a court of review by a bill of exceptions signed and sealed by the judge. (*Wright* v. *Griffey, supra.*) In the absence of a bill of exceptions signed and sealed by the judge, showing the evidence introduced, the presumption is the action of the trial court was justified by the state of the proof. *Kern* v. *Strasberger*, 71 Ill. 303; *Schmidt* v. *Braley*, 112 id. 48; *Troy Laundry Machinery Co.* v. *Kelling*, 157 id. 495.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*