Beth Hammidrash Hagodol Ub'nay Congregation

*v.*

The Oakwoods Cemetery Association.

*Opinion filed December 16, 1902—Rehearing denied February 4, 1903.*

1. .Practice—*in chancery—section 1 of the act of 1887 construed.* The provision of section 1 of the act of 1887, concerning fees and costs, (Laws of 1887, p. 182,) that parties may, by agreement, without costs, have the original certificate of evidence, instead of a copy, incorporated in the transcript of the record, does not apply to a case wherein the decree is based solely on the master's report and accompanying evidence, without oral testimony, there being in such case no certificate of evidence to be incorporated.

2. Same—*original report of master cannot be incorporated in record by stipulation.* The original report of the master, containing the evidence taken before him and the original exhibits offered in evidence, is part of the record of the lower court and must remain there, and the same cannot, by stipulation of parties, in case of appeal, be incorporated in the transcript of the record in lieu of a copy thereof.

Appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

Simeon Straus, for appellant.

Barger & Hicks, and Stillman & Martyn, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was a proceeding under the Burnt Records act to establish the title of the appellant, a religious corporation, to lot 1 in the Hebrew division of Oakwoods cemetery, purchased from appellee in the year 1872. The point in dispute was whether the deed to appellant conveyed a tract of land 140 feet deep from north to south, or one only 107 feet deep. The circuit court found against the claim of appellant, and confirmed its title to a lot only 107 feet deep.

Appellee insists that the decree must be affirmed for want of a complete record. The clerk, in making up the

transcript of the record, inserted therein the original master's report and transcript of evidence taken before the master, and the original exhibits offered in evidence and submitted with and attached to the master's report, pursuant to the following stipulation: "It is   *   *   * agreed by and between the petitioner and the defendant, Oakwoods Cemetery Association, that the clerk of the circuit court of Cook county, in making up the record for the appeal to the Supreme Court of Illinois, may use the original report of William F. Wiemers, master in chancery, and the original transcript of evidence and documents, which, together with the transcript of evidence, were submitted with the report, and that he need not make copies thereof to be inserted in such record."

The statute which authorizes the original bill of exceptions or certificate of evidence to be inserted in the transcript of the record instead of a copy, provides that the appellant may "present to the clerk of such court, where such judgment or decree was rendered, a fair copy of the bill of exceptions or certificate of evidence, or other papers not of record in such cause necessary to be transcribed," to be used by the clerk in making up the transcript of the record, he being authorized to charge a certain fee therefor; and provides further, that the parties "may, by agreement, have the original bill of exceptions or certificate of evidence, instead of a copy, incorporated in such transcript of the record, without paying or being liable to pay any fees or costs therefor." (Laws of 1887, p. 182.) It is only the original bill of exceptions or certificate of evidence that can be incorporated in the record by agreement of the parties. The sole office or function of a certificate of evidence in chancery cases, as its very name implies, is to truly set forth the evidence offered, rejected, received and considered on the hearing. (*Flaherty* v. *McCormick*, 123 Ill. 525.) In *Smith* v. *Newland*, 40 Ill. 100, this court said, speaking of bills of exceptions in chancery proceedings: "We have

merely mentioned them as one of the modes by which the oral testimony may be preserved since the passage of the law allowing such evidence, without intending to intimate that they are to be introduced into chancery practice for any other purpose or with a view of alleging exceptions to the rulings of the court. Indeed, a certificate of evidence signed by the judge is, as a matter of form, preferable to a bill of exceptions, because more in harmony with chancery practice. But when the evidence is presented by a deposition or by a master's report, they are as much a part of the record as before the passage of the law above named."

In the case at bar no oral testimony was heard by the court, and the decree is based on the master's report and the evidence submitted therewith. No certificate of evidence was necessary, and there is none in the record. But the original master's report, containing the evidence taken before the master and original exhibits offered in evidence, has been incorporated in the transcript by stipulation of the parties. The statute does not authorize such a practice, and this court said in *Trustees of Schools* v. *Welchley*, 19 Ill. 64, that it could not be tolerated; that "there is nothing in the case or the papers requiring an examination, by inspection, in this court, and no reason appears why they could not be copied or why copies would not answer all the ends of the originals. Original papers of the files of the court below should remain of such files for the benefit and security of all parties in interest, and can only be brought to this court where necessity requires it, as where something is to be determined by inspection of the original, or where the papers cannot be exhibited by copy so as to present the point of law intended to be raised, and then they should be clearly identified by the bill of exceptions." This was said in a common law case, but the reasoning is equally applicable to a chancery cause. It was so held in *Carey* v. *Scherer*, 55 Ill. App. 421, and in *Phelan* v. *Cuddy*, 57 id. 590. See,

also, *Mallers* v. *Whittier Machine Co.* 170 Ill. 434, and *City of Chicago* v. *South Park Comrs.* 169 id. 387.    The original report of the master of the evidence taken by him is a part of the record in the court below, but not of the transcript which the statute requires to be filed in this court.

The finding of facts in the decree is ample to sustain the decree, and there being no other evidence before us which we can consider, the decree must be affirmed.

*Decree affirmed.*