# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—OCTOBER TERM, 1902.

### J. W. Tinkham v. S. S. Hallam.

1. DEPOSITIONS—*Errors in, Cured Where Witness is Afterward Orally Examined.*—Any error in a deposition is cured where the party objecting subsequently puts that witness on the stand and orally examines him on the whole case.

2. PRACTICE—*Where Original Papers Are Not Certified by an Order of Court.*—Where there is no order of court certifying the original papers to this court for any purpose, they can not be treated as a part of the record.

Assumpsit, for attorney's fees. Error to the County Court of Warren County; the Hon. T. G. PEACOCK, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

C. A. McLAUGHLIN, attorney for plaintiff in error.

J. H. HANLEY, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Hallam, an attorney, sued Tinkham for legal services rendered. He recovered $20 before a justice, and $20 in the County Court on appeal. This is a writ of error sued out by defendant to review the latter judgment.

Defendant's mother was a distracted person, and while in that condition signed and delivered to defendant's sister a promissory note for $1,400. Defendant consulted plaintiff upon the question whether anything could be done by him

(144)

to prevent payment or collection of the note. Plaintiff examined the law, advised plaintiff on that subject, had an interview with defendant's mother at her home and had an interview with defendant's sister some distance away, the latter interview being to induce the sister to surrender the note voluntarily, as sworn to by plaintiff, or to induce her to consent to the appointment of a conservator for their mother, as claimed by defendant. Plaintiff then prepared a notice warning all persons against buying the note, and caused the notice to be inserted in a local newspaper. Under the proof $20 was not an unreasonable charge for these services. They were rendered at defendant's request. Defendant could not have been acting as his mother's agent, for she was distracted. Plaintiff testified that defendant did not profess to be acting for his mother. Afterward plaintiff instituted proceedings under which a conservator was appointed and other action was taken. Plaintiff has been paid for these later services, but not for those rendered before the preparation of the petition for a conservator.

The special objections interposed by defendant to a deposition were not well taken, and if they had been, any possible error was cured by the fact that defendant subsequently put that witness on the stand and he was examined orally on the whole case. The clerk certifies that the original instructions only were inserted in the record before us. There was no order of court certifying the original papers to us for any purpose. It would seem they are therefore to be treated as no part of the record. (Trustees of Schools v. Welchley, 19 Ill. 64.) But if considered, those given were correct. The court refused one offered by defendant and one offered by plaintiff, and marked them " refused," and pinned them to the given instructions and they were all taken by the jury. This was improper. But the refused instruction offered by the plaintiff correctly stated the law, and might well have been given, and it therefore could not harm defendant. The refused instruction offered by defendant related to a later date than the

time when plaintiff performed the services for which he here seeks to recover, and was therefore immaterial, but as defendant requested that it be given he can hardly complain because it improperly reached the jury.

The judgment is affirmed.