## Anderson E. Martin et al. v. George Todd et al.

1. APPELLATE COURT PRACTICE—*Original Master's Report Can Not be Made a Part of the Transcript of the Record by Stipulation.*— The statute does not authorize the practice of making the original master's report a part of the transcript of the record by stipulation of the parties.

2. SAME—*Where the Finding of Fact in the Decree is Ample to Sustain the Decree, and the Record is Incomplete.*—Where the finding of facts in the decree is ample to sustain the decree and the record is incomplete the decree will be affirmed.

Bill for an Accounting.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 26, 1903. Rehearing denied November 12, 1903.

S. A. & W. G. FRENCH, HENRY D. BEAM and C. STUART BEATTIE, attorneys for appellants.

Martin v. Todd.

JAMES J. BARBOUR, attorney for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

The transcript of record in this cause is incomplete, and by reason thereof we can not consider the merits of this appeal. The certificate of the clerk of the Superior Court is that the transcript of the record is true, perfect and complete, except a master's report, certain exhibits, two certain certificates of evidence and certain testimony, all of which are described in the clerk's certificate as being filed in his office on certain days, specifying them. The testimony, report and exhibits mentioned, are also stated to have been contained in one of the certificates of evidence referred to. The transcript of the record contains a stipulation of counsel for the respective parties that the clerk of the Superior Court might incorporate in a transcript of the record an appeal to this court " the original certificate of evidence " filed in this cause, instead of a copy. To which of the two certificates of evidence referred to in the clerk's certificate this stipulation refers, we can not determine, unless it refers to the first mentioned certificate. If it refers to the first certificate, then there is no authority to the clerk, from anything appearing in the record, to send up to this court the original of the last named certificate of evidence. This being the state of the record, the point being made by appellees' counsel on oral argument, and urged, we are precluded from considering the merits of the case, which we would be required to do in order to determine the several questions discussed by counsel in their briefs. In Beth H. H. U. Cong'n v. Oakwood Cem. Ass'n, 200 Ill. 480, in which the parties attempted by stipulation to make a part of the transcript of the record the original master's report, containing the evidence taken before the master and original exhibits offered in evidence, it was held that the statute did not authorize such a practice, and "that it could not be tolerated," citing several previous cases of this and the Supreme Court. What was done in that case is sought to be done in the case at bar. What was said in

that case is true here, viz., that the " finding of facts in the decree is ample to sustain the decree," and a portion of the evidence not being before us, the decree must be and is affirmed because of the incomplete record.