ANDERSON E. MARTIN *et al.*

*v.*

GEORGE TODD *et al.*

*Opinion filed June 23, 1904—Rehearing denied October 13, 1904.*

1. APPEALS AND ERRORS—*when certificate of evidence has no place in the record.* A certificate of evidence is unnecessary and has no proper place in the record where all the evidence is taken before the master and included in his report.

2. SAME—*original report of master in chancery cannot be incorporated in the record.* The original report of the master in chancery can not be incorporated in the transcript of the record in lieu of a copy, notwithstanding it is inserted in the certificate of evidence. (*Beth Hammidrash, etc. Congregation* v. *Oakwoods Cemetery Ass.* 200 Ill. 480, followed.)

*Martin* v. *Todd,* 110 Ill. App. 176, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

George Todd, one of the appellees, filed a bill in the superior court of Cook county against Anderson E. Martin and Alvah T. Martin, who are attorneys at law, and Wabash Shoe Company, for an accounting. Todd had been secretary and treasurer of that company. The bill charged that the Martins had received and collected certain moneys belonging to Todd and wrongfully appropriated the same to their own use. Answers and replications were filed, the cause was referred to a master, who took the proofs and made report, and the court thereupon entered a decree in favor of Todd, and against the Martins, for the sum of $792.36. From this decree they prosecuted an appeal to the Appellate Court for the First District, where the decree was reversed and the cause remanded. Thereafter, on February 20, 1901, the case was re-docketed in the superior court. The bill was amended, making Todd and Wabash Shoe Company the complainants and the Martins the defendants, and, as

amended, charges, in substance, that the defendants have received and collected certain moneys belonging to the complainants and have wrongfully appropriated them to their own use. A demurrer was filed and overruled. Answers and replications were then filed, the cause was again referred to a master to take the proofs and report findings, and upon the coming in of his report the court entered a decree against the defendants, and in favor of Todd, for the sum of $1445. The Martins again appealed to the Appellate Court, where the decree was affirmed on October 26, 1903, and they prosecute a further appeal to this court. The appeal was not considered on its merits in the Appellate Court when the cause reached there the second time, as appears from the opinion of that court, which is in the words and figures following:

"The transcript of record in this cause is incomplete, and by reason thereof we cannot consider the merits of this appeal. The certificate of the clerk of the superior court is that the transcript of the record is true, perfect and complete, except in master's report, certain exhibits, two certain certificates of evidence and certain testimony, all of which are described in the clerk's certificate as being filed in his office on certain days, specifying them. The testimony, report and exhibits mentioned are also stated to have been contained in one of the certificates of evidence referred to. The transcript of the record contains a stipulation of counsel for the respective parties that the clerk of the superior court might incorporate in a transcript of the record, on appeal to this court, 'the original certificate of evidence' filed in this cause, instead of a copy. To which of the two certificates of evidence referred to in the clerk's certificate this stipulation refers we cannot determine, unless it refers to the first mentioned certificate. If it refers to the first certificate, then there is no authority to the clerk, from anything appearing in the record, to send up to this court the original of the last named certificate of evidence.

This being the state of the record, the point being made by the appellee's counsel on oral argument and urged, we are precluded from considering the merits of the case, which we would be required to do in order to determine the several questions discussed by counsel in their briefs.

"In *Beth Hammidrash, etc. Congregation* v. *Oakwoods Cemetery Ass.* 200 Ill. 480, in which the parties attempted, by stipulation, to make a part of the transcript of the record the original master's report containing the evidence taken before the master and original exhibits offered in evidence, it was held that the statute did not authorize such a practice and 'that it could not be tolerated,' citing several previous cases of this and the Supreme Court. What was done in that case is sought to be done in the case at bar. What was said in that case is true here, viz., that the 'finding of facts in the decree is ample to sustain the decree,' and a portion of the evidence not being before us, the decree must be and is affirmed because of the incomplete record."

S. A. & W. G. FRENCH, and HENRY D. BEAM, for appellants.

JAMES J. BARBOUR, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The testimony in this case was taken before the master. The findings of fact contained in the decree warrant the relief awarded. In the transcript of the record there is no transcript of the master's report nor of the evidence taken before him. Instead, the original master's report, including the evidence taken before him, was embodied in a certificate of evidence, the original master's report with the evidence attached, and not a copy thereof, being inserted bodily in that certificate. A stipulation was then made that the original, instead of a copy, of the certificate of evidence be incorporated in the transcript of the record, the result of which is, that

the original master's report, together with the original evidence attached, which was taken before him, is now before us and embodied in the transcript of the record.

It is urged that this case is distinguishable from *Beth Hammidrash, etc. Congregation* v. *Oakwoods Cemetery Ass.* 200 Ill. 480, for the reason that in that case the original master's report was inserted in the transcript of the record by stipulation, without any action of the court below, there being in that case no certificate of evidence, while in the case at bar there is a certificate of evidence and the master's report is included therein, and it becomes a part of that document by the action of the court and not by the act of the parties. This can make no difference. Where, as here, the evidence is all taken before the master and included in his report, a certificate of evidence is unnecessary and has no proper place in the record. Under such circumstances the master's report, including the evidence therewith submitted, is a part of the record. Inserting it in the certificate of evidence does not change its status, as the only office of such a certificate is to make that a matter of record which without the certificate in not a part of the record.

Original papers filed in the court below should remain there for the benefit and security of all parties in interest, (*Trustees of Schools* v. *Welchley*, 19 Ill. 64; *Beth Hammidrash, etc. Congregation* v. *Oakwoods Cemetery Ass. supra;*) except where a different course is pointed out by the statute, or by the rules of the court exercising appellate jurisdiction, to which the case is taken for review.

With the exceptions just noted, a court of review acts upon the transcript of the record, and not upon the record itself, and as was said in the case last cited: "The original report of the master of the evidence taken by him is a part of the record in the court below, but not of the transcript which the statute requires to be filed in this court."

As a consideration of matters which should be shown by a transcript of the master's report and the evidence

attached was necessary for the determination of errors assigned which go to the merits of the cause, and as no such transcript was presented in the Appellate Court, the judgment of that court will be affirmed.   The clerk of this court is directed, upon request of appellants, to detach the two original master's reports from the transcript in this cause and return them to the clerk of the superior court of Cook county.     *Judgment affirmed.*