Mary Bottigliero et al., on appeal of Mary Bottigliero, Appellants, v. Felicia Cozzi, Appellee.

### Gen. No. 17,829.

1. APPEALS AND ERRORS—*master's report.*  A master's report inserted in an alleged certificate of evidence, certified as an original document and by stipulation incorporated into the transcript of record, is not properly in the record and is not considered by the court of review.

2. JUDGMENTS—*vacation.*  A decree or judgment may be vacated at a subsequent term where the motion is made during the term at which it is entered and continued.

Appeal from the Superior Court of Cook county; the HON. WILLIAM FENIMORE COOPER, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1911.  Affirmed.  Opinion filed January 14, 1913.

H. F. DICKINSON and WILLIAM TATGE, for appellants.

GEORGE H. MASON, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The decree appealed from is based entirely upon the master's report including the evidence submitted therewith and made a part thereof, which, of course, became a part of the record when filed, and which we cannot review except when presented in the form of a

transcript of record. Instead of being so presented, it has been inserted in an alleged certificate of evidence which has been certified here as an original document, and incorporated into the transcript of record by stipulation.

In Beth Hammidrash, etc. v. Oakwoods Cemetery Ass'n, 200 Ill. 480, the original master's report and evidence submitted therewith were incorporated into the transcript by stipulation. The court held that the statute does not authorize such practice and that the original papers should have remained in the files, and that only a transcript thereof could be considered. In Martin v. Todd, 211 Ill. 105, the master's report was, as in the case at bar, included in the certificate of evidence. The court said that as the master's report was already a part of the record, the certificate of evidence had no proper place in the record, and that, with the exceptions there cited, a court of review acts upon the transcript of the record and not the record itself.

The want of a complete record, therefore, prevents us from considering the case upon its merits, and, following the authorities above cited, the decree will have to be affirmed unless there is manifest error in that part of the record properly before us. It is urged that there is.

The contention is that the court was without jurisdiction to vacate a former decree entered at the prior October term. The decree was vacated at the December term on a motion made during the October term, and continued by different orders until the December term. Counsel cites Radge v. Berner, 30 Ill. App. 182, which alludes to the English Chancery practice. But there is no question that by our practice a decree, as well as a common law judgment, is under the control of the court during the term at which it is entered, and may be set aside or vacated during the term, or subsequently upon motion made during the term and continued to a subsequent term. Ernst Tosetti Brew-

ing Co. v. Koehler, 200 Ill. 369; 17 Am. & Eng. Enc. Law (2nd Ed.) 815.

The clerk of this court is directed to detach from the transcript in this cause, on request of either party, the original papers constituting a part of the record of the court below, and return them to the clerk of the Superior Court of Cook County.

*Affirmed.*