## Samuel Wolfort, Defendant in Error, v. David Lipsey Company et al., Plaintiffs in Error.

### Gen. No. 19,455.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914.

### Statement of the Case.

Action by Samuel Wolfort against David Lipsey Company, David Lipsey and Ethel Lipsey in the Municipal Court of Chicago. The plaintiff's statement of claim is ''for the sum of $125 laid out and expended for said defendants at their request as follows, on, to-wit: August 14, 1912, plaintiff paid to the firm of Sabath, Levinson & Stafford for and on account of said defendants the sum of $25.00 and on, to-wit: September 30th, 1912, plaintiff paid to said Sabath, Levinson & Stafford the further sum of $100.00 for said defendants, in all $125.00, which plaintiff paid said firm for said defendants at their special request and for their benefit, which said sums said defendants promised to return to plaintiff and there is due to him from them the sum of $125.00 with interest at 5%, in all the sum of $127.25.'' To this statement was appended an affidavit stating ''that the nature of plaintiff's demand is as above set forth.'' To plaintiff's statement of claims defendants filed an affidavit of one Cohen, stating ''that he is the agent for the defendants;'' that ''he verily believes that said defendants, and each of them, have a good defense to the whole of the plaintiff's claim, and that the nature of such defense is as follows:    *    *    *

''5.    That these defendants, or either of them, have never promised to pay to the plaintiff any part of said $125.00.

"6.   That said sum of $125.00 was never laid out or expended for these defendants, or either of them, at their, or either of their, request."

This affidavit was stricken from the files, as well as several others to the same effect, filed later, and a judgment was entered against the defendants by default for want of a sufficient affidavit of merits.   To reverse the judgment, defendants prosecute a writ of error.

BENJAMIN E. COHEN, for plaintiffs in error; H. J. ROSENBERG, of counsel.

P. J. O'SHEA, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1.   MUNICIPAL COURT OF CHICAGO, § 29*—*judicial notice of rules of court.*   The Appellate Court on writ of error to review a judgment of the Municipal Court cannot take judicial notice of the rules of that court.

2.   MUNICIPAL COURT OF CHICAGO, § 29*—*when Appellate Court will determine sufficiency of affidavit of merits under section 55 of Practice Act.*   On writ of error to review a judgment of the Municipal Court, where the error assigned involves the construction of a rule of that court regarding the sufficiency of an affidavit of merits, but such rule is not incorporated in the transcript of the record, the Appellate Court will assume that section 55 of the Practice Act, J. & A. ¶ 8592, controls.

3.   PLEADING, § 153*—*section 55 of Practice Act construed.*   The requirement of section 55 of the Practice Act, J. & A. ¶ 8592, that a plaintiff shall file with his declaration an affidavit showing the nature of his demand in order to be entitled to a judgment by default for want of a sufficient affidavit of merits, is as broad as the requirement that the defendant's affidavit of merits shall specify the nature of his defense.

4.   PLEADING, § 153*—*when affidavit of merits sufficient under section 55 of Practice Act.*   Under section 55 of the Practice Act,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. & A. ¶ 8592, where plaintiff's affidavit showing the nature of his demand consists merely of the common count in assumpsit for moneys laid out and expended by plaintiff for the use of defendants at their request and a promise to repay the same on demand, an affidavit of merits, which specifically asserts that no moneys were so laid out and expended and that no such promise was ever made, states a complete defense on the merits and also "the nature of such defense," and it is error to strike such affidavit from the files.

5. MUNICIPAL COURT OF CHICAGO, § 13*—when rule of court as to sufficiency of affidavit of merits inapplicable. A rule of the Municipal Court that a mere denial will not be regarded as a sufficient affidavit of merits can have no reasonable application to a case in which the nature of the defense shown by the affidavit of merits is a complete and specific denial of all the facts alleged in plaintiff's affidavit of claim.