## Marshall Field & Company, Appellant, v. John E. Nyman, Appellee.

## Gen. No. 23,267.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*inapplicability of statute as to certification of stenographer's report to records on appeal.* Section 23 of the Municipal Court Act, subd. 6 (J. & A. ¶ 3335), which directs the original stenographer's report to be certified to the Supreme Court or Appellate Court, as the case may be, "as the record to be considered upon the review of the judgment by writ of error," does not apply to records on appeal.

2. APPEAL AND ERROR, § 897*—*what courts of review act upon.* Courts of review act upon the transcript of the record and not upon the record itself, except that an original bill of exceptions may be incorporated in the transcript by agreement.

3. MUNICIPAL COURT OF CHICAGO, § 26*—*when stenographic report stricken from record and ordered returned to Municipal Court.* Where a stenographic report of proceedings at a trial is incorporated without warrant of law in the transcript of record in an appeal case, it will be stricken from the files and the clerk of the Appellate Court directed to detach it from the transcript and return it to the Municipal Court, where it belongs.

4. APPEAL AND ERROR, § 200*—*when constitutional question not involved.* A motion to strike from the files a stenographic report of the proceedings at a trial because it was incorporated without warrant of law in a transcript of record filed on an appeal from the Municipal Court of Chicago does not necessarily involve the validity of section 23 of the Municipal Court Act (J. & A. ¶ 3335), which directs the original report to be certified to the Supreme Court or Appellate Court, as the case may be, as the record to be considered upon the review of the judgment by writ of error, since such motion presents a question merely affecting proceedings in the Appellate Court, and cannot arise until the case reaches it.

5. MUNICIPAL COURT OF CHICAGO, § 26*—*what is effect of striking stenographic report.* Assignments of error based upon a stricken stenographic report are eliminated.

6. SET-OFF AND RECOUPMENT—*when separate judgments on plaintiff's claim and on set-off are proper.* Where a set-off is interposed in an action there may be two judgments, one on plaintiff's claim and one on defendant's claim of set-off, under section 55 of the Practice Act (J. & A. ¶ 8592).

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. MUNICIPAL COURT OF CHICAGO, § 29*—*presumption that statute authorizing two judgments on same demand where set-off interposed governs.* Section 55 of the Practice Act (J. & A. ¶ 8592), authorizing two judgments on one demand, where a plea of set-off is interposed, in the absence of a contrary rule, is presumed to control in the Municipal Court of Chicago.

8. SET-OFF AND RECOUPMENT, § 2*—*set-off as recognized method of defense.* A set-off is a recognized method of defense.

9. MUNICIPAL COURT OF CHICAGO, § 19*—*what does not constitute adjudication barring judgment on set-off.* In an action in the Municipal Court of Chicago in which the defense of set-off is interposed, the entry first of a judgment for plaintiff on his claim is not an adjudication barring the right of a second judgment on the set-off.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed April 9, 1918.

FRANK P. LEFFINGWELL and EDWARD MEIER, for appellant.

ROSENTHAL, HAMILL & WORMSER, for appellee; CHARLES H. HAMILL and HARRY MARKHEIM, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellee has renewed his motion on additional grounds to strike from the files the stenographic report of the proceedings at the trial because, among other reasons, it is incorporated without warrant of law in the transcript of record filed on this appeal. The case is one of the fourth class, and presumably the original report was so incorporated upon the supposed applicability of the sixth subdivision of section 23 of the Municipal Court Act (J. & A. ¶ 3335), which directs the original report to be certified to the Supreme Court or Appellate Court, as the case may be, "as the record to be considered upon the review of the judgment by writ of error." Whatever force, if

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

any, may be given to this provision when a writ of error is sued out, it does not purport to relate to records on appeal.

Section 100 of the Practice Act (J. & A. ¶ 8637) prescribes, as the basis of review on appeal, for the filing of authenticated copies of records of judgments appealed from. As said in *Martin v. Todd*, 211 Ill. 105, courts of review act upon the transcript of the record and not upon the record itself, except that an original bill of exceptions may be incorporated in the transcript by agreement. (Fees & Costs Act, p. 1356, Hurd's Rev. St. 1916, J. & A. ¶ 5696.) There was no such agreement here, even if, as appellant contends, no distinction were to be made between a bill of exceptions and a stenographic report. As, therefore, this case does not come within any exception to the statute requiring authenticated copies of records as the basis of review, and as said section 23 of the Municipal Court Act in no event relates to appeals, the original stenographic report will be stricken from the files, and the clerk of this court is directed, on request of appellant, to detach it from the transcript in this cause and return it to the clerk of the Municipal Court, where it belongs as a part of its record. (*Martin v. Todd, supra.*)

Appellee also argues that said provision is unconstitutional, citing various cases holding similar provisions of said section invalid on the ground that they prescribe a different practice for review of Municipal Court judgments from that of other courts of record. (*Israelstam v. United States Casualty Co.*, 272 Ill. 161, and cases there cited.) This particular provision has not been expressly passed on by the Supreme Court, though seemingly within the purview of said authorities. However, the judgment appealed from does not necessarily involve the validity of such provision. The motion presents a question that merely affects proceedings in this court, and that could not arise until

the case reached here. (*Taylor v. Kirby*, 31 Ill. App. 658.) As stated, it is whether this court is governed with respect to transcripts of records of judgments appealed from by section 23 of the Municipal Court Act or section 100 of the Practice Act and the statutory exception thereto. Of that we think there can be no doubt.

As all the assignments of error, except one, are predicated on the stenographic report, the striking of the same eliminates them from consideration. That one assignment of error relates to the recital in the clerk's record of two judgments. It is contended that the entry of the first in plaintiff's favor was *res judicata* of a right to enter the second for defendant on his pleaded set-off.. In view of the authorization of two judgments on one demand, under section 55 of the Practice Act (J. & A. ¶ 8592), which, in the absence of a contrary rule, is presumed to control in the Municipal Court (*Wolfort v. David Lipsey Co.*, 189 Ill. App. 34), and as a set-off is a recognized method of defense (section 47, Practice Act, J. & A. ¶ 8584), we think the position, that the entry of the first judgment for plaintiff was an adjudication of the set-off, is untenable. (*McKey v. Provus*, 181 Ill. App. 364.)

The judgment will therefore be affirmed.

*Affirmed.*