Kilgore Linotyping Company, Appellee, v. J. Koven Company, Inc., Appellant.

Gen. No. 38,090.

Opinion filed December 30, 1935.

Louis I. Gordon, of Chicago, for appellant; Abraham Miller, of Chicago, of counsel.

Teller, Levit, Silvertrust & Levi, of Chicago, for appellee.

Mr. Justice Friend delivered the opinion of the court.

September 15, 1934, plaintiff brought suit in the municipal court and filed a statement of claim alleging that its suit was based on a trade acceptance dated April 7, 1932, and due July 5, 1932, drawn by defendant on Motive Equipment Co., accepted by it, indorsed by defendant and delivered to plaintiff before maturity for a consideration of $220.75; that the trade acceptance was drawn, accepted and payable in Chicago; that due demand for payment was made on the Motive Equipment Co. and refused; that subsequent thereto the Motive Equipment Co. made a voluntary assignment for the benefit of creditors and the amount of the trade acceptance was listed with the liabilities of the Motive Equipment Co.; that by virtue of the indorsement of the trade acceptance by defendant and delivery thereof to plaintiff for a valuable consideration before maturity, defendant became liable to plaintiff in the sum of $220.75, which it has refused to pay; and that there was also due plaintiff for interest on the aforementioned sum, $30.94, making a total of $251.69, for which it prayed judgment.

Defendant filed its appearance on September 26, 1934, and demanded trial by jury. Thereafter on October 10, 1934, it moved the court to strike the statement of claim on the ground that it failed to allege the giving of notice of dishonor to defendant, in accordance with section 88 of the Negotiable Instruments Law. The motion was overruled.

November 14, 1934, defendant filed its amended affidavit of merits, wherein

(1) It denied that due demand was made for payment on said Motive Equipment Co. as set forth in plaintiff's statement of claim;

(2) Denied that the amount of said trade acceptance was listed with the liabilities of the Motive Equipment Co. in its voluntary assignment for the benefit of creditors to H. W. Cline, Assignee, and that a dividend of 12 per cent was paid by said Cline to defendant, as alleged in plaintiff's statement of claim;

(3) Denied that by virtue of the indorsement of the trade acceptance by defendant and delivery to plaintiff for a valuable consideration before maturity it became liable to plaintiff in the sum of $220.75, as alleged;

(4) It averred that plaintiff deposited said trade acceptance with the Chicago Bank of Commerce for collection, that said bank closed its doors June 24, 1932, prior to the maturity of said trade acceptance, and that the same was not presented to the Motive Equipment Co. for payment on the date of its maturity, July 5, 1932, at which time the Motive Equipment Co. had sufficient funds to pay the trade acceptance;

(5) It further averred "that defendant received no notice of dishonor of said trade acceptance by said Motive Equipment Co., and that consequently plaintiff failed to comply with section 88 of the Negotiable Instruments Law of this State, (Cahill's Illinois Revised Statutes, 1933, Chap. 98,) which provides: 'Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged' ''; that defendant is not indebted to plaintiff in the sum of $251.69, or any sum whatsoever.

November 21, 1934, plaintiff moved the court to strike the amended affidavit of merits on the ground that paragraphs 1 and 3, as hereinabove set forth, were general denials and that paragraph 5 did not set up

any defense to the action. The court sustained the motion, entered an order striking defendant's entire amended affidavit of merits, defaulted defendant for want of an affidavit of merits, it having elected to stand by its amended affidavit, assessed plaintiff's damages in the sum of $251.69, and entered a default judgment for that sum and costs against defendant.

November 30, 1934, defendant filed a petition pursuant to rule 277 of the Civil Practice Rules of the municipal court of Chicago, setting forth the trade acceptance sued upon and all the aforementioned proceedings, and requested the court to reconsider the order of November 21, 1934. The petition contained citations from the Negotiable Instruments Law, rules of the municipal court and various decisions of the Appellate and Supreme Court in support of its petition. The court, however, overruled the motion to reconsider the order of November 21, 1934, whereupon defendant prosecuted its appeal from the orders and judgment theretofore entered.

The sole question presented for consideration is whether the amended affidavit of merits sets forth a valid, legal defense to plaintiff's statement of claim. The action herein is brought against an indorser of a trade acceptance, which has been defined as a draft or bill of exchange drawn by the seller on the purchaser of goods and accepted by such purchaser. (*Atterbury v. Bank of Washington Heights*, 241 N. Y. 231.) Both parties treat the trade acceptance as a negotiable instrument and discuss its applicability to the Negotiable Instruments Law, and we, therefore, assume it to be governed by that statute. Section 88 of the Negotiable Instruments Law of Illinois provides that:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or nonpayment, notice of dishonor must be given

to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged.'' Ill. State Bar Stats. 1935, ch. 98, ¶ 110.

The word ''drawer'' as used in the act is not ordinarily employed in connection with parties to a note (8 Corpus Juris 62), and since a trade acceptance is a species of bill of exchange the foregoing section of the act would seem to be applicable to trade acceptances.

Rule 82 of the Civil Practice Rules of the municipal court expressly recognizes want of notice of dishonor as a defense by an indorser of a negotiable instrument, and note 7 to said rule states that such defense should be pleaded as follows:

''7.   The defendant had not due notice of dishonor.'' This is substantially the language employed in paragraph 5 of the amended affidavit of merits, which states that defendant received no notice of dishonor of said trade acceptance by the Motive Equipment Co. and that plaintiff failed to comply with section 88 of the Negotiable Instruments Law.

It has been generally held that want of notice of dishonor constitutes a good defense to an action against an indorser of a negotiable instrument. In *Tucker v. Mueller,* 287 Ill. 551, the court, in discussing the liability of an indorser of a bill or note, and after citing 8 Corpus Juris 75, 79, said (p. 557):

''Under the law merchant an indorsement of a bill or note amounts to a contract on the part of the indorser that if, when duly presented, the note is not paid by the acceptor or maker the indorser will, upon due and reasonable notice given him of the dishonor, pay it to the indorsee or other holder.   The Negotiable Instruments Law, which merely declares the rules of the common law, provides that 'he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dis-

honor be duly taken he will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay it.' The indorser's liability as such becomes fixed when demand of payment of the note is made of the principal on the day that it falls due, is refused and he is notified thereof.'' (Citing authorities.)

In *Industrial Bank of Chicago v. Bowes,* 165 Ill. 70, the court, in discussing the distinction between bills of exchange and notes, said (p. 73):

''The law is well settled that a bill of exchange must be presented to the drawee within a reasonable time, and where payment is refused notice must be given promptly to the drawer, otherwise he cannot be held liable.'' (Citing authorities.)

Like expressions were employed by the court in *Montelius v. Charles,* 76 Ill. 303; *Morehouse & Wells Co. v. Schwaber,* 118 Ill. App. 44; *Vaughan v. Potter,* 131 Ill. App. 334, and in other cases cited by defendant. Plaintiff cites no authorities to the contrary. It would appear, therefore, that the amended affidavit of merits presented a valid defense to plaintiff's action under the rules of the municipal court, under the Negotiable Instruments Law and under the decisions of this State.

The amended affidavit of merits denies that demand was made for payment on the Motive Equipment Co., that the amount of the trade acceptance was listed with the liabilities of the Motive Equipment Co. in its voluntary assignment for the benefit of creditors, and affirmatively avers that the trade acceptance was deposited with the Bank of Commerce for collection and not presented to the Motive Equipment Co. for payment at maturity, because the bank had closed its doors on June 24, 1932, prior to the maturity of the trade acceptance. It is also affirmatively averred that no notice of dishonor of the trade acceptance by Motive Equipment Co. was received by defendant. These are

positive averments, and if established by competent evidence would constitute a defense to plaintiff's action.

It is urged by plaintiff, however, that the averments contained in the amended affidavit of merits are not sufficiently positive. This was evidently the theory that the court adopted in striking the affidavit. Plaintiff evidently relies on rule 81 of the Civil Practice Rules of the municipal court, which provides that in actions for a liquidated demand for money a mere denial of the debt shall not be permitted. There is a distinction, however, between a general denial of a debt or liability and a specific denial of facts alleged as creating the debt or liability. Rule 81 is identical with the former municipal court rule 15, upon which this court had occasion to pass in *Wolfort v. David Lipsey Co.*, 189 Ill. App. 34, where an affidavit of merits denying the facts alleged in a statement of claim was stricken. In reversing the judgment the court said:

"A rule of the Municipal Court that a mere denial will not be regarded as a sufficient affidavit of merits can have no reasonable application to a case in which the nature of the defense shown by the affidavit of merits is a complete and specific denial of all the facts alleged in plaintiff's affidavit of claim."

If the instrument sued on be considered as a negotiable instrument, then rule 82 of the municipal court, section 88 of the Negotiable Instruments Law, and the decisions construing it, are precisely in point, and the averment that "no notice of dishonor of the trade acceptance was received by defendant" would in itself be sufficient to constitute a defense upon which defendant would be entitled to proceed to trial.

It was said in *Buchsbaum v. Halper*, 265 Ill. App. 226, that the interests of justice are not served by determining the rights of parties by technical rules of pleading, especially where the affidavit of merits dis-

closes prima facie a good defense to plaintiff's action, and that there should be a trial upon the merits. We think the defendant in this proceeding was entitled to have its case tried upon the merits, and that it was error for the court to strike the amended affidavit of merits and render judgment in favor of plaintiff on its statement of claim. Accordingly, the judgment of the municipal court will be reversed and the cause remanded with directions to vacate the order striking the affidavit of merits and to proceed further in accordance with the views herein expressed.

*Reversed and remanded with directions.*

Scanlan, P. J., and Sullivan, J., concur.