## DANIEL R. BRANT

*v.*

## BENJAMIN E. GALLUP *et al.*

*Filed at Ottawa May 15, 1886.*

1. PRACTICE IN THE SUPREME COURT—*rehearing—of an application after one rehearing has been granted.* Where a different judgment is rendered upon a rehearing granted at the instance of one party, the other party may apply for a rehearing by giving the notice and filing his petition therefor within the time prescribed by the rule on that subject.

2. SAME—*excuse for not applying for a rehearing in proper time.* The fact that an unsuccessful party, immediately after the filing of the opinion of this court, applies to his attorneys to take steps to procure a reconsideration, and is informed by them that nothing can be done, whereby thirty days elapse before he learns of his right to apply for a rehearing, affords no ground for allowing him to file his petition for a rehearing after the time fixed by rule of court has expired.

3. SAME—*former decision—as to rehearing granted by the court on its own motion, in order to correct an erroneous entry.* The case of *Chicago*

*Planing Mill Co.* v. *Merchants' National Bank,* 97 Ill. 299, is to be distinguished from this. In that case the judgment, by mistake of the clerk, was entered wrong, and this court at a subsequent term, of its own motion, ordered a rehearing, in order to correct the error. Such a rehearing is not regulated by the rule of the court on the subject.

APPEAL from the Appellate Court for the First District.

This was a motion by the appellant for leave to file a petition for a rehearing.

Mr. J. M. BEVERLY, and Messrs. DENT, BLACK & CRATTY BROS., in support of the motion.

Messrs. PADDOCK & ALDIS, *contra.*

Per CURIAM : In this case an opinion was filed and judgment rendered reversing the judgment of the Appellate Court. At the September term, 1884, on motion of the appellees, a rehearing was granted. On the 22d day of January, 1885, an opinion was filed receding from the conclusion reached in the former opinion, and affirming the judgment of the Appellate Court, and judgment entered accordingly. (Reported in 111 Ill. 487.) .The March term, 1885, of the court passed, without any further step in the cause having been taken. At the September term, 1885, the appellant, Brant, moved the court for leave to file his petition for a rehearing of the case. The rule of the court upon the subject is, that a party desiring a rehearing, shall, within fifteen days after the opinion is filed, give notice to the opposite party of his intention to file a petition for a rehearing, and shall, within thirty days after the . filing of the opinion, file the petition for rehearing. Upon the rehearing granted on the application of the appellees, there having been rendered a decision adverse to appellant, he would have been entitled to file his petition for a rehearing, upon compliance with the rule of court in that regard, each party being allowed to petition for a rehearing where the de-

cision is against him, but the same party not being allowed a second petition for a rehearing. But there was not here a compliance with the rule. In excuse therefor, the affidavits of appellant and his attorney are presented, to the effect, that immediately after the filing of the last opinion appellant applied to his attorney, and urged that whatever was possible should be at once done to secure a reconsideration of the case, and was then advised by his attorney that nothing further could be done in the case, and that the last opinion was a finality; that appellant believed as he was thus advised, and did not learn until a considerable time after the thirty days prescribed by the rule had elapsed, and not until after the adjournment of the court at its March term, that a petition for rehearing could have been filed in his behalf to secure the reconsideration of the last opinion.

Reference is made to *Chicago Planing Mill Co.* v. *Merchants' National Bank*, 97 Ill. 299, as in favor of the motion. It appears, there, that a rehearing was granted without any petition therefor having been filed, in compliance with the rule. But that was a case where, by inadvertence, the judgment of this court was made to affirm the *judgment* of the court below, when it was intended to affirm only an *order* of that court allowing an amendment to the sheriff's return to the summons, and to *reverse* the judgment of the court below. At a subsequent term, upon having our attention called to the mistake, we, of our own motion, ordered a rehearing of the cause. That was quite a different case from this. There is here nothing of mistake, or anything of that kind, or any new matter presented by the petition for rehearing asked to be filed, but only matter already considered by this court upon the former arguments in the cause. In *Blatchford* v. *Newberry*, 100 Ill. 484, it was said: "We do not undertake to say that in no case will this court, of its own motion, set aside a judgment at the second term after the same is rendered, or grant a rehearing. * * * When the case has been twice

heard and considered, and the same result reached at both hearings, and a judgment has been rendered, * * * public policy and the stability of legal proceedings demand that such judgment should not, after one entire term has intervened, be disturbed, for no other cause than that some of the judges may have changed their views of the law." Though this was said in reference to another sort of case, where a party who had already been granted a rehearing, moved the court to grant another hearing of its own motion, we think it may be pertinently repeated here, upon this application for a rehearing not under the rule of the court. It is important there should be a period when litigation shall come to an end, when the judgment of the ultimate tribunal may be reposed upon as final, and secure from disturbance.

We are of opinion that upon the case presented there should not be granted leave to file the petition for a rehearing, and the motion must be denied.

*Motion denied.*