45 211
161s 283

ROBERT ALEXANDER AND MINER ALEXANDER

v.

EVA ALEXANDER ET AL.

*Chancery Practice — Preservation of Evidence — Incorporation in Decree of Findings of Fact—When Necessary to Support Decree.*

In chancery practice, the party who asks and obtains relief must preserve in the decree, or otherwise in the record, evidence, or facts found, sufficient to support the decree, otherwise it will be reversed by the Appellate Court. But where the appellee occupied a negative position in the court below, the decree will not be reversed because no findings, or evidence, appear in the record to support it. The requirement is on

the party seeking affirmative relief, whether successful or not in the lower court, to preserve the evidence and the facts necessary to the sustaining, or granting of relief by the Appellate Court.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding.

Messrs. CHARLES WHEATON and F. G. GARFIELD, for appellants.

Messrs. W. R. S. HUNTER and BOTSFORD & WAYNE, for appellees.

MR. JUSTICE LACEY.   This was a bill in equity seeking to set aside a bond given by Miner Alexander as principal and Robert Alexander as surety to appellee, Eva Alexander, for the support and maintenance of her illegitimate child, the alleged progeny of said Miner.   Miner had been arrested on a charge of bastardy on the complaint of said Eva, and while said negotiations were pending for said Miner to marry her, the arrangement was entered into that Miner should give his bond, secured by his father, Robert, to secure the support of the child in the same sum as the law required where trial and conviction took place.   Miner then married Eva, but they never lived together as husband and wife.   The bill alleged fraud and duress in the procuring the bond.   Fraud, in that said Eva falsely accused Miner of being the father of the child when in fact he was not, and that she knew it, and duress in having him arrested.   The court below on a hearing dismissed the bill, and this appeal is taken to reverse such decree.

As there is only a question of practice involved in this case, it will not be necessary to particularly state any more in detail the charges in the bill.   It appears that there was a full answer on the part of the appellees denying the allegations of the bill, and on a hearing of the evidence in the case, both oral and documentary, the court dismissed the bill

and dissolved the injunction theretofore granted restraining the collection of the bond, and that the complainant pay the costs of this suit.

There appears no finding of fact in the decree, and no evidence was preserved by bill of exceptions or certificate of evidence or otherwise. The decree recites that evidence was heard on the hearing, but it is not preserved in any manner in the record. The appellants, who were the complainants below, insist that the evidence should have been preserved, or facts found in the decree sufficient to show that the decree of dismissal was proper, and in failure of so doing the decree of dismissal should be reversed. On the other hand the appellees insist that it was the duty of appellants to see to it that the evidence was preserved in the record, and on failure so to do they can not in this court question the correctness of the decree.

In chancery, unlike a case at law, the rule is that the party who asks relief and obtains it must preserve in the decree or otherwise in the record, evidence or facts found sufficient to support the decree, otherwise the decree will be reversed in the Appellate Court. No presumptions will be indulged in its favor not shown by the facts found and evidence preserved in the record. But, upon examination of the authorities cited by counsel on both sides, we are inclined to think and will so hold, that in a case like the present, appellees not being required to produce any evidence and not seeking or obtaining any affirmative relief, the requirement is on those seeking relief, to show and preserve in the record the evidence and facts necessary to sustain a decree in their favor, if they obtain one, or to entitle them to relief in case relief is refused. All the cases cited, except two, are those where affirmative relief had been granted, and those against whom a decree was rendered appealed, and therefore not applicable here. The two exceptional cases are Smith v. Smith, 85 Ill. 189; Thomas v. Adams, 59 Ill. 223. In the first case cited there appeared in the evidence, which was not fully preserved, sufficient to show that relief should have been granted, therefore the decree of dismissal was reversed. That case is not in point. In the last case

cited, of Thomas v. Adams, the record failed to show that any evidence was heard, or not heard, and the court held that it was properly dismissed; and it further held, using the language of the court, that, "If, on the evidence before the chancellor, complainant believed the decree was erroneous, he should have embodied it in a certificate, signed by the judge who tried the case. We must, in the absence of proof, presume that the court below decided correctly in dismissing the bill. Nor was it the duty of defendants to preserve the complainant's evidence. It may be proof was heard on the trial, but it does not appear in the transcript." We find nothing in the opinion justifying the conclusion that the court meant to say that in case evidence were heard, then it should be preserved by the defendants in order to justify and support a decree of dismissal. The quotation by counsel for appellant, purporting to be taken from that opinion justifying such a claim, we observe, is copied from the syllabus of the case, but nothing in the opinion, as we think, bears it out. The judge writing the opinion, as we think, meant to say that so far as the record showed, there was none, much less sufficient evidence, preserved in the record to justify a reversal.

If in the absence of proof the court would presume the court below decided correctly in dismissing the bill, why not the same presumption when the evidence preserved failed to show good grounds for granting relief? In the negative attitude, which the defendant occupied in that case as in this, it was not "the duty of defendants to preserve the complainant's evidence."

It is the attitude which the parties occupy to the decree that determines who shall preserve the evidence. He who seeks relief must take care that the findings of the decree, or the evidence in the record, sustain it, and nothing will be taken by implication in his favor; not so of the party who simply resists. The same rule applies to those seeking relief but fail to obtain it. He also must preserve the evidence so that the Appellate Court may see he is entitled to it.

The decree is therefore affirmed.

*Decree affirmed.*