THE FIRST NATIONAL BANK OF CHICAGO

*v.*

CHARLES H. BAKER, Receiver.

*Filed at Ottawa May 12, 1896.*

1. APPEALS AND ERRORS—*what necessary to support decree of relief.* A decree granting relief must be justified, on appeal, either by facts which it specifically finds or by evidence appearing in the record.

2. SAME—*decree denying relief requires no supporting evidence.* A decree dismissing a bill or petition needs no supporting evidence in the record, as such decree is supported by absence of evidence.

3. SAME—*effect of failure to embody all evidence in the record.* It will be presumed, on appeal, there was evidence justifying dismissal of a petition in chancery, where the certificate of evidence appearing in the record does not purport to contain all the evidence offered on the hearing.

| | |
|---|---|
| 161 | 281 |
| 67a | 73 |
| 67a | 600 |
| 161 | 281 |
| 168 | 75 |
| 69a | 239 |
| 161 | 281 |
| 171 | 206 |
| 161 | 281 |
| 76a | 609 |
| 161 | 281 |
| 181 | 253 |
| 161 | 281 |
| 94a | 1585 |
| 94a | 2586 |
| 161 | 281 |
| 97a | 3382 |
| 97a | 1569 |
| 161 | 281 |
| 193 | 1538 |
| 161 | 281 |
| 197 | 3492 |
| 161 | 281 |
| 202 | 2305 |
| 161 | 281 |
| 108a | 1 68 |
| 161 | 281 |
| 111a | 2 98 |
| 111a | 2484 |

4. SAME—*questions settled by findings which are not reviewable need not be determined on appeal.* A court of review will not determine whether the acknowledgment of a mortgage is valid, where the decree appealed from finds an estoppel against such mortgage, and all the evidence is not preserved in the record so such finding may be reviewed.

5. CERTIFICATE OF EVIDENCE—*effect of endorsing "O. K." on certificate by counsel.* Endorsing the letters "O. K." upon a certificate of evidence, followed by the signatures of counsel, is not an acknowledgment by them that such certificate contains all the evidence, where it does not purport on its face to do so.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county ; the Hon. M. F. TULEY, Judge, presiding.

ORVILLE PECKHAM, for appellant.

OTIS & GRAVES, WILLIAM M. JONES, and W. I. CULVER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court :

Appellee is receiver of the Corey Car and Manufacturing Company, appointed by the circuit court of Cook county in pursuance of a bill filed by Henry S. Jaffray against that corporation. Appellant filed its petition in the suit, alleging an indebtedness of the defendant corporation to it, evidenced by promissory notes and secured by a chattel mortgage executed by the defendant prior to the commencement of the suit. The prayer of the petition was, that the receiver should be ordered to pay the indebtedness secured by the mortgage, or to deliver up the mortgaged property to be dealt with in accordance with the terms of the mortgage, or that the receiver should be ordered to sell the property and from the proceeds of the sale pay the petitioner the amount of its mortgage. The petition was answered by the receiver. It was also answered by the Lesh, Sanders & Egbert

Company and S. D. Kimbark, who were creditors of the receiver, denying the right of the petitioner and claiming an estoppel against the enforcement of the mortgage. Upon a hearing the prayer of the petition was denied, and it was dismissed at the cost of the petitioner. That decree has been affirmed by the Appellate Court.

A certificate of evidence appears in the record, but it does not purport to contain all the evidence introduced on the hearing of the petition. Where a decree is entered granting relief, the rule is that the decree must be justified either by facts which it specifically finds or by evidence appearing in the record. (*White* v. *Morrison*, 11 Ill. 361; *Bennett* v. *Whitman*, 22 id. 449; *James* v. *Bushnell*, 28 id. 158; *McIntosh* v. *Saunders*, 68 id. 128; *Marvin* v. *Collins*, 98 id. 510.) But a decree dismissing a bill or petition needs no evidence to support it. It is supported by the absence of any evidence, since that is the proper decree in case there is no evidence or if the evidence is insufficient to authorize the relief asked for. (*Ryan* v. *Sanford*, 133 Ill. 291; *Jackson* v. *Sackett*, 146 id. 646; *Alexander* v. *Alexander*, 45 Ill. App. 211.) The decree dismissing the petition in this case cannot be reversed because the relief was denied, unless appellant shall show that the evidence was such as to entitle it to the relief asked for. In order to do this the whole of the evidence must be preserved, otherwise it will be presumed there was evidence which justified the finding. *Corbus* v. *Teed*, 69 Ill. 205; *Allen* v. *LeMoyne*, 102 id. 25; *Brown* v. *Miner*, 128 id. 148; *Groenendyke* v. *Coffeen*, 109 id. 325.

The fact that the solicitors for appellee endorsed the certificate "O. K.," over their signatures, is insisted upon as ground for the claim that the certificate must be considered as containing all the evidence. This, however, does not follow. The endorsement was an acknowledgment of the correctness of the certificate for what it purported to be, but the approval of the certificate could not be extended beyond what appeared in it.

It is also argued that it appears elsewhere in the record that the certificate of evidence contained a complete statement. This claim is founded on the fact of the recital in the decree that two witnesses therein named were examined in open court. But this recital does not show that all the evidence, even of those witnesses, is contained in the certificate, and it appears, both from the certificate and the decree, that there was other evidence than the testimony of those witnesses introduced and considered by the court. There is nothing in the record which will aid the certificate, and the rule that cases shall not be reversed on a partial statement of the evidence is of too great importance to be disregarded.

One of the findings of the decree was that the mortgage was not acknowledged by the defendant corporation according to law, and, the acknowledgment appearing upon the face of the mortgage and being unaffected by any question of evidence, it is argued that this court should determine, as a matter of law, whether the acknowledgment was valid. Whatever the conclusion might be as to that question, or however erroneous the finding, as a matter of law, might be held, the appellant would not be aided, because the court further finds in the decree, as a matter of fact, that the petitioner is equitably estopped from enforcing the mortgage against the lawful creditors of the receiver. That fact is found upon the evidence, and if correct, the decree must be sustained whether the acknowledgment was legal or not.

As the record does not purport to contain all the evidence upon which the decree denying the relief was founded, the judgment of the Appellate Court must be affirmed.        *Judgment affirmed.*