WILLIAM L. KELLY et al.

v.

JOHN J. FUNKHOUSER.

*Opinion filed December 22, 1897—Rehearing denied February 2, 1898.*

1. PRACTICE—*application of rule as to preservation of evidence in chancery.* The rule that the party in whose favor a decree is entered must preserve the evidence, and that such decree must be reversed if not sustained by the evidence in the record, applies only to çases where affirmative relief is obtained.

2. SAME—*complainant must preserve evidence on decree dismissing his bill.* A complainant whose bill has been dismissed for want of equity must preserve the whole of the evidence in the transcript of the record, in order that it may be determined whether he was entitled to the relief prayed.

3. APPEALS AND ERRORS—*when decree dismissing bill must be sustained.* A decree dismissing a bill for the want of equity must be sustained, on appeal, where the transcript contains only some of complainant's depositions, which constitute a part of the record without a certificate of evidence, but does not contain any of the defendant's evidence nor purport to contain all the evidence introduced on the hearing.

APPEAL from the Circuit Court of Wayne county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

H. TOMPKINS, and J. R. HOLT, for appellants.

CREIGHTON, KRAMER & KRAMER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In this case appellants filed their bill of complaint in the circuit court of Wayne county, against appellee, for the partition of certain lands in that county, alleging that they were the owners of the same, but that appellee asserted a claim of title through a mortgage made by said county and a decree of foreclosure thereof, which were null and void as against their title. Appellee answered the bill denying appellants' alleged title and right to re-

lief, and claiming title in himself through the decree of foreclosure. Replication having been filed, the cause was heard and the bill dismissed for want of equity.

By a recital of the decree it appears that the cause was heard by the court upon evidence introduced by both parties. Upon the dismissal of the bill the complainants prayed an appeal, and were allowed sixty days in which to present a bill of exceptions or certificate of evidence. Some depositions on the part of the complainants, which constituted a part of the record without a certificate of evidence, are contained in the transcript, but it does not contain any of the evidence introduced on the part of defendant, nor purport to contain all the evidence introduced at the hearing, from which the court found against complainants and dismissed their bill. With such a record as this we cannot tell what the court heard, and the decree cannot be reversed.

It is argued that it was the duty of the defendant, in whose favor the decree was entered, to preserve the evidence, and that if the evidence in the record does not sustain the decree it must be reversed. That is the rule where a party obtains relief under a decree, but it only applies to such cases. The rules in that respect were explained in *First Nat. Bank* v. *Baker*, 161 Ill. 281. In this case no affirmative relief was given by the decree, but it merely dismissed complainants' bill for want of equity. Such a decree is authorized wherever the evidence is insufficient to warrant the relief asked for. (*Ryan* v. *Sanford*, 133 Ill. 291; *Jackson* v. *Sackett*, 146 id. 646; *First Nat. Bank* v. *Baker*, *supra*.) A complainant aggrieved by such a decree must show that the evidence entitled him to the relief for which he prayed, and to do this he must preserve the whole of the evidence.

The decree of the circuit court will be affirmed.

*Decree affirmed.*