## T. F. Crane v. J. B. Blackman.

1.  APPELLATE COURT PRACTICE—*When the Original Paper May Accompany the Record for Inspection.*—In cases where a written instrument, or other " paper in an action," shows on its face erasures, interlineations, different colored inks, different handwritings, age, newness, the action of water, fire or chemicals, or other conditions that a transcript of such paper could not be made to correctly disclose, an inspection of the original is often important, and it is to serve this purpose that the rule or practice prevails allowing the record to be accompanied by the original paper for inspection.   It does not come as a part of the record, but the clerk will receive it " in connection with the transcript " of the record.

2.  PRACTICE—*Withdrawal of a Juror in Discretion of Trial Court.* —Whether the trial court will grant leave, after the trial of a case has commenced, to withdraw a juror and continue the case, rests in the sound discretion of the trial court, and such ruling will not be reviewed except in case of great abuse.

Assumpsit.—Appeal from the Circuit Court of Saline County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.   Heard in this court at the August term, 1901.   Affirmed.   Opinion filed March 3, 1902.

W. S. MORRIS and WILLIFORD & THOMPSON, attorneys for appellant.

CHOISSER, WHITLEY & CHOISSER and R. S. MARSH, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit in the Circuit Court of Saline County, by appellant against appellee, to recover damages for an alleged refusal on the part of appellee to convey

certain lands to appellant in pursuance of the terms of an alleged contract. Trial was by jury. Under the direction of the court, at the conclusion of appellant's evidence, the jury returned a verdict finding the issues in favor of appellee, and the court rendered judgment on the verdict.

Upon the evidence as disclosed by the abstracts of the respective parties—each party submits an abstract—it does not appear that the court erred in directing a verdict.

As we understand counsel for appellant, the two principal grounds upon which they rely for a reversal, are, the refusal of the trial court to admit in evidence a bundle consisting of seventy-two pages of alleged transcripts from the deed records of Stoddart county, Missouri, and the refusal of the court to grant appellant leave to withdraw a juror and continue the case, after refusing to admit said bundle of transcripts in evidence.

The alleged transcripts, or "Stoddart county record," as the bundle is in some instances designated by the parties, is not embraced in the bill of exceptions and is therefore no part of the record before us in this case. If it had been desired that we should consider this as a part of the evidence offered on the trial of the case, and determine whether or not the court erred in rejecting it, it should have been incorporated in the bill of exceptions and properly abstracted. If the contents of this bundle of papers had been made part of the bill of exceptions, and thus become a part of the record of the case, and in the opinion of the trial court, "an inspection" of the original bundle or any part of it appeared to be important to a correct decision of the case, the court might properly have made an "order for the transmission, safe keeping and return of the original" bundle or part. In the state of this record the order directing the clerk to certify this bundle of papers to this court is of no avail. The rule or practice allowing an original paper in a case to be certified to the Appellate or Supreme Court for "inspection," was never intended to serve and can not serve the purpose claimed for it in this case by appellant. In cases where a written instrument, or other "paper in an action" shows on its face erasures, interlinea-

tions, different colored inks, different handwritings, age, newness, the action of water, fire or chemicals, or other conditions that a transcript of such paper could not be made to correctly disclose, an inspection of the original is often important, and it is to serve this purpose that the rule or practice prevails allowing the record to be accompanied by the original paper for inspection. It does not come as a part of the record proper, but as the language of rule 12 of the Supreme Court says, the clerk will receive it "in connection with the transcript" of the record.

Whether the trial court will grant leave after the trial of a case is entered upon, to withdraw a juror and continue a case, rests in the sound discretion of the trial court, and the ruling of the trial court in such case will not be reviewed by the Appellate or Supreme Court, except in case of great abuse. Schofield v. Settley et al., 31 Ill. 515; Morrison v. Heddenberg, 138 Ill. 22.

The judgment of the Circuit Court is affirmed.