## Heinrich Dammann et al. v. Dennis V. Connolly, Administrator.

### Gen. No. 4,856.

1. JUDGMENT BY CONFESSION—*what affidavits upon motion to set aside, should contain.* Affidavits offered in support of a motion to set aside a judgment entered by confession should show by facts set up that a meritorious defense exists to the action.

2. DECREE—*when not res judicata.* A decree in chancery which consists of an order dismissing the bill for want of equity is not *res judicata* of a particular issue where it does not affirmatively appear either from the record or other evidence that such particular issue was the basis upon which such order of dismissal was predicated.

3. AFFIDAVIT—*when not disregarded upon appeal notwithstanding filed too late.* An affidavit filed in the lower court after the time when according to correct practice it should have been filed will be considered by the Appellate Court where it seems to have been regarded by the lower court and has been by the lower court incorporated in its bill of exceptions.

Judgment by confession. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

**Statement by the Court.** On October 12, 1906, Dennis V. Connolly, as administrator of the estate of Catherine Connolly, deceased, obtained a judgment by confession against Heinrich Dammann and Dora Dammann for $1,686 and costs. An execution was issued upon said judgment and levied upon lands in LaSalle county, and the same were sold by the sheriff under said execution to said Dennis V. Connolly for $1,000, and said execution was returned satisfied in part. Thereafter the defendants entered a motion to open the judgment and for leave to plead. That motion was heard upon proofs presented, and was denied. This is an appeal by defendants from that order.

Said judgment was entered upon a note signed by defendants dated August 1, 1894, for $900, with in-

terest at seven per cent. per annum, payable monthly, which note was payable to the order of Thomas E. MacKinlay five years after date, and was by him indorsed in blank. Defendants offered in evidence in support of their motion their own affidavits as to certain transactions between themselves and MacKinlay, concerning the sale and purchase of certain real estate, in which transaction this note was given. These affidavits set out that they paid uncertain amounts to MacKinlay before this note was given, and seek to establish that no very large amount was due MacKinlay when this note was given, and that they speak German and do not read or write English, and ought not to have given a note for so large a sum. The affidavits do not state how much they paid. They state that they took receipts for the payments, and have lost some and have others in their possession. They do not present the receipts they still have nor show their dates or amounts.

Defendants introduced in evidence the pleadings and decree in a certain chancery cause, and rely upon that decree as a bar. Plaintiff introduced in evidence certain other documentary evidence connected with said chancery cause. This note was given to MacKinlay as a part of the purchase price of certain real estate which MacKinlay conveyed to the defendants, subject to a mortgage to Agatha Becker for $500. This note was secured by a second mortgage upon said real estate. Mrs. Becker filed a bill against the defendants to foreclose her mortgage, and made Mrs. Catherine Connolly a defendant as the holder of said second mortgage securing this note for $900. The Dammanns did not defend that suit. Mrs. Connolly also filed no answer. She presented her note and mortgage when the proofs were taken before the master. The decree directed that the Dammanns pay to Mrs. Becker $571.07 and to Mrs. Connolly $1,102, within five days, and that in default thereof the master sell the mortgaged real estate and pay the costs and pay Mrs. Becker, and if

the premises sell for more than sufficient to pay that,
then pay Mrs. Connolly said sum. The master sold
the premises to Mrs. Becker for sufficient to satisfy the
decree in her favor, and she afterwards obtained a
deed of the premises from the master. Nothing was
paid to Mrs. Connolly. No deficiency decree was en-
tered. That decree of foreclosure was entered in Octo-
ber, 1897. On December 29, 1903, Mrs. Connolly filed
a bill in equity against the Dammanns, setting up
these facts, and asking that a decree be rendered sup-
plemental to the decree in the said Becker foreclosure
suit, and that certain other real estate alleged to be
then owned by said Dammanns be subject to sale for
the amount due Mrs. Connolly on said note, and also
that she have general execution. The Dammanns an-
swered that bill, denying that the decree in the Becker
foreclosure suit was a money decree; denying that
Mrs. Connolly had any pleading under which she could
have been entitled to a deficiency decree in that fore-
closure suit, and denying that Mrs. Connolly had any
equities which might be thus enforced. The answer also
set up their dealings with MacKinlay before this $900
note was given, and the manner in which it was obtained,
and that they had paid various sums to MacKinlay be-
fore said note was executed, and that there was but a
small sum due from them to MacKinlay when they gave
said note, and that they were not indebted thereon to any
large amount, if at all. This answer was filed after
the court had overruled a demurrer to the bill. Mrs.
Connolly died, and her administrator was substituted
as complainant, and on October 10, 1906, the cause was
heard and a decree was entered "that this suit be and
the same is hereby dismissed out of court for want of
equity." Complainant prayed an appeal, which he
did not perfect. Leave was given to tender a certifi-
cate of evidence within sixty days, and no certificate
of evidence was filed. It is argued that the decree
dismissing said bill of complaint for want of equity

is a bar to this subsequent suit upon said note for $900.

I. I. Hanna and Lester H. Strawn, for appellants.

D. B. Snow, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

The affidavits filed by the defendants in support of their motion to open the judgment and for leave to plead were insufficient to entitle them to that relief. They were so vague and uncertain in their allegations that it may well be doubted whether they would have authorized the opening of the judgment if it had been in favor of MacKinlay, the payee. But these affidavits did not dispute that defendants knowingly executed these notes for a supposed indebtedness from themselves to MacKinlay for a part of the purchase price of the real estate, to secure which note they at the same time executed, acknowledged and delivered a purchase money mortgage. They only seek to assail the amount or value of the consideration for the note. Their claim is only that they think if a correct computation of interest and payments had been made they would not have been indebted to MacKinlay in so large a sum. They state no fact having any tendency to question Mrs. Connolly's position as a *bona fide* assignee of said note before maturity for a valuable consideration and without any notice of any defense. The affidavits therefore do not tend to show any defense against this note in a suit at law by Mrs. Connolly or her administrator thereon.

Does the decree dismissing plaintiff's bill for want of equity bar an action at law by plaintiff against defendants upon the note? That decree does not find any facts. Leave was given to present a certificate of evidence, but the record in evidence is certified to be a complete copy of the records and files in said cause, and that certificate was made long after the expiration

of the time given to file a certificate of evidence, and
it does not contain a certificate of evidence. None
therefore was filed. But inasmuch as that decree dis-
misses the bill, it is valid without a finding of facts or
a certificate of evidence, and it stands as a conclusive
adjudication that the bill was properly dismissed.
First National Bank v. Baker, 161 Ill. 281; Kelly v.
Funkhouser, 171 Ill. 205. That decree, however, does
not determine what was decided between the parties,
unless there was but one adjudication which could lead
to a dismissal of the bill. There were in fact three
conditions which might have led to such a decree.
The first would be the failure of complainant to intro-
duce any competent evidence. The possibility of its
having been dismissed on that ground may perhaps
be excluded by the recital of the decree that proofs
were heard. In the second place, defendants may have
established the allegations of their answer that nothing
was due from them upon said note, and that it was
improperly obtained from them by the payee therein.
Such proof might have established a defense against the
note in equity, and the decree may have been based
upon a finding by the court that defendants were not
indebted upon said note. If the decree was based upon
that ground it is a bar to this suit. But a third ground
for dismissing the bill for want of equity also appears.
The decree in the original foreclosure suit requiring
defendants to pay Agatha Becker $571.07 and to pay
Mrs. Connolly $1,102 within five days and that in de-
fault thereof the premises be sold by the master in
chancery, was not a money decree. Cotes v. Benbett,
84 Ill. App. 33; 183 Ill. 82. The Supreme Court in the
case just cited further held that there is no right to a
deficiency decree in a foreclosure suit unless given by
statute; and that our statute only gives that right to
a complainant. Mrs. Connolly was neither a com-
plainant nor a cross-complainant in the Becker fore-
closure suit. She was a defendant in that suit, but

did not answer. She did not file any pleading setting up any rights or equities or asking any relief. She therefore could not have had a deficiency decree in that suit. Hence this bill which she filed some six years later, and long after the foreclosure suit ended by a deed of the mortgaged premises by the master to Mrs. Becker, and by which bill she sought a deficiency decree against appellants here as a supplement to the decree in the Becker foreclosure suit, could not be maintained. There was no equity on the face of the bill. The demurrer to it should have been sustained, but the answer also set up the same lack of equity in the bill, and it was proper for the court at any time to dismiss it for want of equity. There were therefore two grounds for a dismissal of the bill, one by reason of a lack of equity in the bill itself, and the other a possible state of proof by defendants under their answer showing that they owed nothing upon the note. If the court held that complainant's remedy was not in equity, but by an action at law on the note, such a decision certainly would not bar a suit at law. Farmers & Mechanics Life Ass'n v. Caine, 224 Ill. 599. But there is nothing in the decree itself to show whether it was dismissed by the court because under the case stated by the bill complainant could not have relief in a court of equity, or whether the court found that the allegations of the answer assailing the note were established by the proofs. If nothing further had appeared, the court properly denied the motion to open the judgment. It was not sufficient to show a decree which might or might not be a bar to an action at law against defendants upon the note. It was essential they should show that it is a bar.

Where a judgment is offered in evidence in bar of a claim and it is uncertain from the record what was adjudged, parol evidence is admissible to show what testimony was given and what questions were submitted for determination at the time the judgment was

entered. Palmer v. Sanger, 143 Ill. 34; Leopold v. City of Chicago, 150 Ill. 568; Rubel v. Title Guarantee & Trust Co., 199 Ill. 110; Washington A. & G. S. P. Co. v. Sickles, 24 How. 333, 345. It is obvious that the same rule must prevail in equity, and especially where the decree in equity is set up as a bar to a subsequent suit at law. In 1 Herman on Estoppel, sec. 404, that author says: "The dismissal of a bill in chancery is not always conclusive of the complainant's right in a court of law, although the bill may have been filed for the same matter, for if a complainant endeavors in a court of equity to enforce a strictly legal title, when his remedy is at law, the dismissal amounts to a declaration that he has no equity, and does not reflect upon his legal title. * * * To be a bar to future proceedings, it must appear that the former judgment necessarily involved the determination of the same fact, to prove or disprove which it is offered in evidence. It is not enough that the question was in issue in the former suit. It must also appear to be precisely determined. Where in the answer various matters of defense are set forth, some of which relate to the maintenance of the suit, and others to the merits, and there is a general decree of bill dismissed, it is impossible to hold the decree a bar to future proceedings. This is because it is uncertain upon what ground the bill was dismissed."

The bill of exceptions shows that this motion to open the judgment was heard on January 31, 1907, and that during that argument the attorney for plaintiff stated that he could or would file an affidavit that defendants did not introduce any evidence upon the trial of said chancery cause wherein Mrs. Connolly sought a deficiency decree against defendants; and that on the next day he did file an affidavit, which is embodied in the bill of exceptions. In that affidavit he stated that he was the solicitor for the complainant in that chancery cause, and that at the trial of that cause the

only proof introduced by complainant was the files in the Becker foreclosure suit and oral testimony as to the signature to the appearance entered therein for Mrs. Connolly and upon the question whether she filed an answer, and that the defendants in said cause introduced no evidence of any kind. This affidavit was filed two weeks before the decision and is embodied in the bill of exceptions. We cannot believe defendants would have let this affidavit rest uncontradicted, if it was untrue. The course pursued was irregular. Plaintiff should have asked leave to offer further proof, and upon securing such leave, should then have offered this affidavit. But as the trial judge has recognized the affidavit by embodying it in the bill of exceptions, thus implying that it was brought to his attention before he decided the case, we do not feel at liberty to disregard it. It therefore affirmatively appears that no evidence was offered in support of that part of the answer by defendants in said chancery cause which attacked the validity of this note. It follows that the court could not have adjudged that the note was invalid. Therefore the decree dismissing the bill of complaint for want of equity is not a bar to the prosecution of this suit upon the note.

Appellants did not show any defense to the note, and the court therefore properly denied the motion to open the judgment and for leave to plead.

*Affirmed.*