### Edward A. Welch, Appellant, v. City of Highwood, Appellee.

#### Gen. No. 5,207.

APPEALS AND ERRORS—*power of Appellate Court to grant rehearings.* It is within the power of the Appellate Court to grant a rehearing, even though the rules with respect thereto have not been strictly complied with; a rehearing may be granted by the Appellate Court upon its own motion.

Bill for injunction. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1909. Appeal dismissed. Opinion filed October 19, 1909.

COOKE, POPE & POPE, for appellant.

O. S. GOOCH, for appellee; E. S. GAIL, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant filed a bill to restrain appellee from cutting off the city water from his place of business, un-

der certain circumstances in controversy between the parties relating to the charge for said water. He had a preliminary injunction. Appellee filed an answer and moved to dissolve the injunction. That motion was heard upon pleadings and affidavits, and the injunction was dissolved and the bill was dismissed for want of equity. Complainant below appealed to this court.

Appellee moved this court to dismiss the appeal or affirm the decree. It was shown in support of the motion that a certificate of the evidence heard upon the motion to dissolve was filed in the court below. Said certificate of evidence is not included in this record. We affirmed the decree on the ground that in the absence of evidence the dismissal of the bill was the only proper decree. First Natl. Bank v. Baker, 161 Ill. 281; Kelly v. Funkhouser, 171 Ill. 205; Dammann v. Connolly, 135 Ill. App. 504. Thereafter appellant entered his motion to vacate the order affirming the decree, and that leave be given appellant to dismiss his appeal without prejudice, and to withdraw the record. With this motion was an affidavit explaining the absence of the certificate of evidence from the record. We denied that motion. Appellant then asked a rehearing, which was granted. Upon the motion to dismiss or affirm it was shown that since the decree below some one acting in the interest of appellant has paid the water bills which were the cause of the controversy. Upon further consideration we conclude that we should permit appellant to dismiss his appeal and to withdraw the record, so that if a like controversy upon like charges should arise hereafter, appellant can if he desires have the decree reviewed upon a record containing the evidence.

Appellee has filed in vacation a motion asking us to withdraw the order allowing a rehearing and to strike the petition therefor from the files for alleged lack of strict compliance with our rules as to petitions for rehearing. This rehearing was granted at the same term at which the judgment was entered, and while

we had full control thereof. We granted it regardless of the question whether appellant had strictly complied with the rules, and did so because, upon further reflection, we concluded we should not have affirmed the decree. We had power at that term to award a rehearing of our own motion. A rehearing was granted by the court of its own motion in Chicago Planing Mill Co. v. Merchants' National Bank, 97 Ill. 294. The power is recognized in Blatchford v. Newberry, 100 Ill. 484, and Brant v. Gallup, 117 Ill. 640. We modified a judgment of our own motion at the next term in Egan v. Clark, 87 Ill. App. 246. As appellee asked in the alternative that the appeal be dismissed, we think it has no cause to complain. The motion to strike the petition from the files is denied.

The motion of appellant to dismiss his appeal without prejudice is therefore granted, and leave is given him to withdraw the record.

*Appeal dismissed.*