## Edward A. Welch, Appellant, v. City of Highwood, Appellee.

## Gen. No. 5524.

INJUNCTIONS—*when suggestion of damages filed in apt time.* A suggestion of damages filed within the time fixed by the decree disposing of the case, is in apt time.

Bill for injunction. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1911. Affirmed in part and reversed in part. Opinion filed May 25, 1911.

COOKE, POPE & POPE, for appellant.

O. S. GOOCH, for appellee; E. S. GAIL, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Lake county assessing damages in the sum of $200 against Edward A. Welch, appellant, on an amended suggestion of damages, based principally on services rendered by a solicitor in procuring the dissolution of an injunction restraining the city of Highwood, appellee, its officers and agents, from cutting off appellant's water supply. An injunction was granted on the bill without notice. An answer denying the material allegations of the bill, supported by affidavits, was filed, and a motion was made to dissolve the injunction. A replication was filed to the answer. A hearing was had on the bill, answer and affidavits; and the injunction was dissolved, and the bill dismissed for want of equity. An appeal was granted and leave given to file a suggestion of damages. The suggestion was filed and the hearing thereon continued. The appeal was prosecuted to this court, and the decree was affirmed for want of a certificate of evidence. After-

wards a rehearing was granted here and appellant allowed to dismiss the appeal without prejudice and to withdraw the record. Welch v. City of Highwood, 150 Ill. App. 397. The suggestion remained undisposed of pending the appeal. The final order of this court was filed below and the cause was redocketed, and leave was given to amend the suggestion. An item was added to the suggestion, for damages sustained for following the appeal to this court. Proof was heard on the suggestion as amended, and the sum of $200 was allowed appellee as damages, and this appeal is prosecuted to reverse that decree.

Section 12 of the Injunction Act provides as follows: ''In all cases where an injunction is dissolved by any court of chancery in this state, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting in writing the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require and to equity appertain, to the party damnified by such injunction,'' etc.

Fry v. Radzinski, 219 Ill. 533, relied on by appellee to sustain the decree, involved an appeal from a motion granting an injunction, and it was there held that in such case the appellant was entitled to damages for solicitor's fees for services rendered in the Appellate Court in procuring the dissolution of the injunction, and that the Circuit Court should assess them. The Fry case is not in point here, except as it relates to the power of the lower court to assess the damages, because there was no injunction in this court on the former appeal.

Appellant contends that the suggestion of damages was filed after the decree was entered and appeal prayed, which was too late. The statute allows the court in which the proceeding is pending to assess damages caused by the improvident issuing of an in-

junction, at any time before the suit is finally disposed of. Wing v. Dodge, 80 Ill. 564. The record shows that the leave to file the suggestion of damages was a part of the decree dissolving the injunction, dismissing the bill, and allowing the appeal; and it was in apt time, under the authority of Johnson v. McNellis, 228 Ill. 351.

The proof shows that appellee's solicitor charged $137 for services in the Circuit Court, and that that was a reasonable fee for the services rendered, and had been paid by appellee. The proof also shows that during the hearing below appellee withdrew $3 of that charge, leaving its claim here for solicitor's fees in the court below $134. The proof also shows that appellee paid $1.25 notary fees in administering the oath to affiants whose affidavits were filed in support of the motion to dissolve the injunction. The allowance was supported by the evidence to the extent of $135.25. The balance being for services in this court, not rendered in procuring the dissolution of the injunction, was erroneously allowed.

The decree will therefore be affirmed for $135.25 and reversed as to the remainder at the costs of appellee.

*Affirmed in part and reversed in part.*