## William A. & Allan Pinkerton, Copartners, as Pinkerton's National Detective Agency, Appellants, v. Matt W. Pinkerton et al., Appellees.

### Gen. No. 23,156.

1. APPEAL AND ERROR, § 855*—*when certificate of evidence unnecessary.* No certificate of evidence is necessary where there is no oral testimony heard by the court, and its decree is based on the master's report and the evidence submitted therewith.

2. APPEAL AND ERROR, § 735*—*what is part of record of trial court.* Where no oral testimony is heard by the court and the decree is based on the master's report and the evidence submitted therewith, such report, including the evidence submitted therewith, is a part of the record of that court which should remain there.

3. APPEAL AND ERROR, § 735*—*what should not be included in transcript of record.* The original report of the master and the evidence submitted therewith, being a part of the record in the court below, should not be included in the transcript filed in the Appellate Court.

4. APPEAL AND ERROR, § 733*—*what papers should remain in lower court.* In the absence of a statutory provision or rule of the court of review to the contrary, original papers filed in a cause should remain in the lower court.

5. APPEAL AND ERROR, § 735*—*original report of master and evidence may not be inserted in transcript.* Rule 13 of the Appellate Court, providing for the inspection of original papers, does not authorize the insertion in the transcript of the original report of the master and the evidence submitted therewith, notwithstanding an order of the trial court permitting such insertion, pursuant to a stipulation of the parties.

6. APPEAL AND ERROR, § 759*—*inspection of exhibits.* Rule 13 of the Appellate Court, which provides for the inspection of original papers in an action, is intended to apply to exhibits.

7. APPEAL AND ERROR, § 759*—*how exhibits brought to Appellate Court.* Exhibits brought to the Appellate Court under rule 13 do not come as a part of the record or as a part of transcript, but in connection with the transcript.

8. APPEAL AND ERROR, § 735*—*what may not be incorporated into transcript of record.* There is no statute or rule of court by which either the original master's report, the evidence taken and certified to by him or the exhibits introduced in connection with that tes-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

timony can be incorporated into the transcript of the record on appeal.

9. APPEAL AND ERROR, § 1749*—*when judgment affirmed for incompleteness of record.* Where, on appeal, the transcript of the record is incomplete, the decree will be affirmed unless there is manifest error in such part of the record as is properly before the court of review.

10. EQUITY, § 548*—*when evidence need not be preserved by certificate of evidence.* The rule that, in order to sustain a decree granting affirmative relief, the successful party must, when the facts are not found or recited in the decree, preserve the evidence by a certificate of evidence, does not apply to a decree dismissing a bill for want of equity.

11. APPEAL AND ERROR, § 1199*—*when decree dismissing bill on merits not disturbed.* A decree dismissing a bill on its merits needs, on appeal, no evidence to support it and must stand unless it affirmatively appears that there was evidence introduced by complainant or heard at the trial which entitled him to the relief prayed.

12. APPEAL AND ERROR—*when original paper inserted in transcript ordered returned to lower court.* Where an original paper from the files of the lower court has been improperly inserted in the transcript on appeal, the Appellate Court will direct that its clerk, on the request of either party, detach such paper and return it to the clerk of the court below.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 30, 1918.

JOHN A. BROWN, for appellants.

GEORGE H. MASON, for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court reversing and overruling the findings of the master in chancery, and dismissing the bill for want of equity.

Appellee insists that the decree must be affirmed for want of a complete record. The clerk, in making up

the transcript of record, inserted therein the original master's report, including the evidence taken before the master, and the original exhibits offered in evidence, submitted with and attached to the master's report. The certificate of the clerk of the Circuit Court is that the transcript of record, which has been filed in this court, together with a transcript previously certified and filed in this court, consisting of the decree entered by the court below in this case, and the appeal bond filed in connection with the appeal, constitutes "a true, perfect and complete Transcript of the Record * * * excepting the Master's Report, testimony taken before said Master and exhibits filed in this office, * * * the originals of which are being incorporated herein and transferred to the Appellate Court, First District of the State of Illinois, pursuant to a certain order had and entered of record." The order referred to in the certificate of the clerk reads as follows:

"On motion of the solicitor for complainants, and upon stipulation and agreement of the parties by their respective solicitors, it is ordered that the original testimony, Master's report, and Exhibits be, and the same are hereby ordered to be incorporated in the Transcript of Record to the Appellate Court of the First District of Illinois, and that the same be transferred to the Clerk of said court by the Clerk of said Circuit Court."

It is only the original bill of exceptions or certificate of evidence that can be incorporated in the record by agreement of the parties. Illinois Annotated Statutes, sec. 5696. In the case at bar, no oral testimony was heard by the court and the decree is based on the master's report and the evidence submitted therewith. No certificate of evidence was necessary and there is none in the record. Under such circumstances, the master's report, including the evidence therewith submitted, is a part of the record.

A court of review acts upon a transcript of the rec-

ord and not upon the record itself. The original report of the master, including the evidence taken and certified by him, is a part of the record in the court below but not of the transcript which the statute requires to be filed in this court.

Original papers filed in the court below should remain there for the benefit and security of all parties in interest, except where a different course is pointed out by the statute or by the rules of the court exercising appellate jurisdiction to which the case is taken for review. Counsel for appellants urges that rule 13 of this court does prescribe a different course and that the stipulation of the parties, followed by the order of the court, incorporating the original master's report, including the evidence taken and certified by him, and exhibits, in the record, is within, and was done pursuant to, the provisions of rule 13. That rule reads as follows:

"Whenever, in the opinion of the presiding judge of any inferior court, an inspection of an original paper in an action on appeal or writ of error shall be important to a correct decision of the case, such judge may make such order for the transmission, safe-keeping and return of such original paper as to him may seem proper. And the clerk of this court will receive such original paper in connection with the transcript, and hold same subject to such order."

This rule clearly is intended to cover exhibits and not such things as the master's report and evidence taken before him. It could hardly be considered important to a correct decision of a case that the court of appeal make an inspection of the original master's report and evidence taken before him. But, further, the rule in question was never intended to serve and cannot serve the purpose claimed for it in this case by appellant as to the exhibits involved in the case. If, in the opinion of the trial court, an inspection of the original exhibits appeared to be important to a correct decision of the case, the court might properly have

made an "order for the transmission, safe-keeping and return of such original exhibits." Such an order would have been within the provisions of rule 13, but that rule does not authorize nor warrant the entering of an order incorporating the exhibits in the transcript of the record as was done in this case. When such original exhibits come up to this court under the provisions of rule 13, they do not come as a part of the record proper, or as a part of the transcript of the record, but, in the language of the rule, "*in connection with the* transcript" of the record. *Crane v. Blackman,* 100 Ill. App. 565.

There is no statute or rule of court by which either the original master's report, the evidence taken and certified to by him, or the exhibits introduced in connection with that testimony can be incorporated into the transcript of the record made up in connection with an appeal of the cause. *Beth Hammidrash Hagodol Ub'nay Congregation v. Oakwoods Cemetery Ass'n,* 200 Ill. 480; *Martin v. Todd,* 211 Ill. 105; *Trustees of Schools v. Welchley,* 19 Ill. 64; *Carey v. Scherer,* 55 Ill. App. 421; *Phelan v. Cuddy,* 57 Ill. App. 590; *Bottigliero v. Cozzi,* 176 Ill. App. 311.

The want of a complete transcript of the record, owing to a misconception of the seemingly rigid requirements of the law, unfortunately prevents us from considering the case upon its merits, and, following the authorities before cited, the decree will have to be affirmed unless there is manifest error in that part of the record properly before us. It is urged by appellants that there is. It is apparent, however, that a consideration of matters, which would be shown by the transcript of the master's report and the evidence taken before the master, is necessary for a proper determination of the errors assigned, all of which go to the merits of the cause.

To sustain a decree granting affirmative relief, the party in whose favor the decree is rendered must,

when the facts are not found or recited in the decree, preserve the evidence by a certificate of evidence, but this rule does not apply to a decree which grants no affirmative relief but dismisses the bill for want of equity. *Kelly v. Funkhouser,* 171 Ill. 205; *Lyons v. Lyons,* 272 Ill. 329; *Ryan v. Sanford,* 133 Ill. 291; *First Nat. Bank of Chicago v. Baker,* 161 Ill. 281.

The decree for the defendant dismissing the bill on its merits needs no evidence to support it, and it must stand unless it affirmatively appears that there was evidence adduced by the complainant or heard at the trial which entitled him to the relief prayed for in the bill. *Ryan v. Sanford, supra,* at page 298.

For the reasons stated, the decree in this case must be affirmed. The clerk of this court is directed to detach from the transcript in this case, on request of either party, the original papers constituting a part of the record of the court below, and return them to the clerk of the Circuit Court of Cook county.

*Affirmed.*