Nicholas Brdar, Appellee, v. Anthony Kamenjarin et al., Appellants.

Gen. No. 36,367.

Opinion filed February 6, 1933.   Rehearing denied February 20, 1933.

LEFKOW & LEFKOW, for appellants.

Harold J. Finder, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Nicholas Brdar filed his bill against the defendants for the cancellation of what he claims was an alleged contract for the exchange of real estate entered into between him and John Lucich and Lucy Lucich and to enjoin the enforcement of a judgment entered against him in the municipal court of Chicago. After issue was joined the cause was referred to a master in chancery who made up his report recommending a decree in accordance with the prayer of the bill. On the coming in of the master's report a decree was entered in accordance with the recommendations of the master, and the defendants appeal.

The record discloses that complainant was a laborer and unable to read or write the English language except that he could sign his name. He owned a half interest in certain real estate in Chicago on Lake Park avenue. Anthony Kamenjarin, who will hereinafter be called defendant, was in the real estate business. Complainant had known him for some time and went to defendant's real estate office to transact some business and while there defendant suggested the exchange by complainant of his interest in the real estate for other property, and at defendant's suggestion they both went to see the property which it was proposed to exchange for complainant's. This property was on Princeton avenue, Chicago. They spent a few minutes looking at the property, returned to the real estate office and defendant drew up the contract whereby complainant was to exchange his property for property of defendant, John Lucich. Complainant signed the agreement and at the same time executed his note for $1,500 payable to Lucich and left both of them with the defendant. Afterward, on the same day,

Lucich and his wife called at the real estate office and signed the contract. Some considerable time thereafter complainant refused to go through with the transaction and defendant caused judgment to be entered by confession in the municipal court on the $1,500 note. It is the enforcement of this judgment that complainant seeks to have enjoined. It further appears that some time after complainant refused to carry out the exchange of the properties, defendant caused a bill to be filed by Lucich to enforce the specific performance of the contract.

The evidence shows that the property mentioned in the contract, which was to be exchanged for complainant's, did not belong to Lucich as the contract stated, but was owned by Kamenjarin; that Lucich was a mere dummy and held the title for Kamenjarin. This is admitted by counsel for defendant in his brief. Counsel further says that before the contract was signed Kamenjarin told complainant that he, Kamenjarin, owned the property.

We have carefully considered the evidence on this question and think it not at all clear on this point. The evidence shows that Kamenjarin spoke about "his" property, but that may have been said in the sense that he was merely the real estate agent. In complainant's bill he charged that Lucich, in holding the title to the property, was a mere dummy for Kamenjarin, and that they entered into a conspiracy to cheat and defraud complainant out of the property; that the property owned by defendant was not worth as much as defendant represented it to be. The bill further alleged that on April 18, 1930, a bill was filed by Lucich to enforce specific performance of the contract and that on the hearing of that case it was admitted that Kamenjarin was the actual owner of the property. In the instant case Kamenjarin filed his answer and denied that Lucich was a dummy for him,

and denied that on the hearing of the specific performance case he admitted that he was the real owner of the property. The defendant having denied in his answer that Lucich was holding title as a dummy for him and further having denied that any such admission was made on the hearing of the specific performance case, much credence cannot be placed upon his testimony to the effect that prior to the signing of the contract involved here he told complainant that he was the owner of the property.

The master found that complainant was unable to read or write the English language except to sign his name; that the contract and note were left with the defendant as broker, and that the contract contained a clause that brokerage fees should be paid; that the property which was to be conveyed to complainant was not worth as much as the defendant stated prior to and at the time the contract was signed; that the defendant took unfair advantage of the complainant's inexperience and his inability to read or write the English language.

Defendant argues a number of propositions to the effect that a broker is not precluded from offering his own property for sale where all the facts are disclosed, and that fraud must be proven by clear and convincing evidence and will never be presumed. These contentions may be admitted but are not controlling when applied to the facts here. Just why the defendant should require complainant to execute his note for $1,500 does not appear, unless it was to defraud complainant. The evidence also tends to show that defendant Lucich also gave his note for a similar amount to defendant Kamenjarin. This of course was a mere subterfuge, because Kamenjarin owned the property. It is clear to us that Kamenjarin overreached the complainant, and the recommendation of the master that the contract be declared void and removed as a

cloud, and the judgment rendered in the municipal court be enjoined, is in accordance with equity and good conscience.

Before affirming the decree, we regret to say that we have been given no assistance by counsel for complainant. In his brief the only suggestion made is that the merits cannot be considered because the original master's report and the evidence taken by him are in the record in this court, and that such original matters have no place in the record. *Martin v. Todd,* 211 Ill. 105; *Pinkerton v. Pinkerton,* 209 Ill. App. 393, and another case are cited to this effect.

Counsel for the defendant, in his reply brief, calls attention to the fact that after these decisions were rendered the legislature amended the statute which authorizes the incorporation of the master's report instead of a copy in the record for this court. And although the case was set for oral argument, counsel for the defendant did not appear. There is no merit in complainant's contention because in 1931 the legislature enacted that "parties to such an appeal . . . may by agreement, have the original bill of exceptions, or certificate of evidence, or report of master in chancery, . . . instead of a copy, incorporated in such transcript of the record." Cahill's 1931 St. ch. 53, ¶ 102, p. 1464.

The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.